No. 87,132

THE WICHITA EAGLE BEACON COMPANY, d/b/a THE WICHITA EAGLE, and MEDIA GENERAL OPERATIONS, INC., d/b/a KWCH-TV CHANNEL 12, *Petitioners*, v. THE HONORABLE CLARK V. OWENS II, DISTRICT JUDGE, DISTRICT COURT OF SEDGWICK COUNTY, KANSAS, *Respondent*.

(27 P.3d 881)

Opinion filed June 13, 2001.

*Bernard J. Rhodes* and *Blaine C. Kimrey*, of Lathrop & Gage, L.C., Kansas City, Missouri, were on the pleadings for petitioners The Wichita Eagle Beacon Company, d/b/a *The Wichita Eagle*, and Media General Operations, Inc., d/b/a/ KWCH-TV Channel 12, and *Susan Tillotson Mills* and *Rachel Fugate*, of Holland & Night L.L.P., Tampa, Florida, were on the pleadings for Petitioner Media General Operations, Inc., d/b/a KWCH-TV Channel 12.

*Per Curiam*: This is an original proceeding in mandamus filed by The Wichita Eagle Beacon Company, d/b/a *The Wichita Eagle*, and Media General Operations, Inc., d/b/a KWCH-TV Channel 12, (Petitioners) to compel the Honorable Clark V. Owens II, District Judge of the Eighteenth Judicial District (Respondent) to allow Petitioners to intervene in five Sedgwick County District Court criminal cases for the limited purpose of challenging orders sealing certain records related to those cases.

The underlying criminal cases are primarily related to two quadruple homicides and related crimes committed in Sedgwick County

in December 2000. The State filed ex parte motions for protective orders, seeking to seal certain records concerning those cases. Respondent granted the State's motions and entered a protective order sealing the records from public access. Petitioners then filed a motion to intervene in the criminal proceedings and to vacate the protective orders. Respondent held a hearing on Petitioners' motion and took the matter under advisement. Concluding there was no statutory provision that would allow Petitioners to intervene in a criminal proceeding, Respondent denied the motion to intervene. Because of his ruling that Petitioners were not authorized to intervene in the criminal proceedings, Respondent did not reach the merits of the motion to vacate the protective orders.

Petitioners next sought relief from this court by filing a petition for writ of mandamus. Petitioners ask that Respondent be required to allow Petitioners to intervene in the underlying criminal cases for the limited purpose of challenging Respondent's orders sealing records in those cases. Included with the petition, among other things, were certified copies of Respondent's Protective Orders of Seal, Petitioners' motion to intervene and responses thereto filed by the State and defense, a certified copy of the transcript of the hearing on Petitioners' motion to intervene, and a certified copy of the transcript of the proceeding during which Respondent denied the motion to intervene and set out the legal basis for so doing. These documents and transcripts form a sufficient record for purposes of this action.

During his oral ruling, Respondent noted there was no case law in Kansas to date specifically addressing whether the news media may intervene in a criminal proceeding to challenge an order sealing a record or closing a proceeding. Respondent further noted other jurisdictions that had considered the issue were split as to the proper procedure for the media to follow. Some jurisdictions allow the media to intervene in the criminal proceeding while other jurisdictions require the filing of a mandamus action with a higher court. Another procedure is to file in a court of general jurisdiction a separate lawsuit for an injunction or declaratory judgment. We note that, immediately after denying Petitioners' motion to intervene, Respondent observed: "We need precedent in the State of

Kansas that will settle, one way or another, in a definitive manner, where we don't have to worry about dicta, that will say whether or not the media has rights to intervene in a criminal proceeding." Respondent thus vocalized for the parties, the trial bench, the media, and perhaps for our benefit as well, the absence of clear direction in this area.

We have said that mandamus may properly be used to expedite the official business of state officials in the discharge of their duties where the issues are of significant statewide concern of a recurring and ongoing nature and the essential purpose of the proceeding is to obtain an expeditious, authoritative interpretation of the law. *Kansas City Star Co. v. Fossey*, 230 Kan. 240, Syl. ¶ 1, 630 P.2d 1176 (1981). After reviewing the record before us, we believe that the issue presented by the media's petition here, viz., whether the news media may intervene in a criminal proceeding for the *limited purpose* of challenging a request or order to seal a record or close a proceeding, is an issue properly subject to the exercise of our discretionary jurisdiction in mandamus. There is no disputed issue of material fact in the case, and we believe the public interest justifies our considering the case on its merits. Accordingly, we accepted jurisdiction in this case to provide guidance to the parties, to the news media, and to the trial courts of our state. The record before us includes all of the arguments by the State, defense, and the media, as well as Respondent's legal reasoning supporting his decision to deny the motion to intervene. We conclude that neither additional briefing nor oral argument is necessary or would be helpful for the appropriate resolution of this issue. See Supreme Court Rule 9.01(c) (2000 Kan. Ct. R. Annot. 60).

Turning to the issue before us, we rely on *Fossey*, 230 Kan. 240, Syl. ¶ 2. In *Fossey*, we held that a trial court may close a preliminary hearing, bail hearing, or another pretrial hearing, including a hearing on a motion to suppress, and may seal the record of those proceedings. However, such closure is permitted only if the dissemination of information from the pretrial proceeding and its record would create a clear and present danger to the fairness of the trial, and the prejudicial effect of such information on trial fairness cannot be avoided by any reasonable alternative means. Although

we noted the trial court in the criminal case underlying *Fossey* had allowed the Kansas City Star Company to intervene, the propriety of intervention was not at issue in *Fossey*.

We believe an integral part of the rule announced in *Fossey*, however, is the need for a trial court, when considering the sealing of a record or the closure of a proceeding, to consider also the societal interest the public has in open criminal proceedings and records. The result here effectuates the *Fossey* rule. The news media, as a member of the public, should be permitted to intervene in a criminal case for the limited purpose of challenging a pretrial request, or order, to seal a record or close a proceeding in that case, even without an express statutory provision allowing such intervention.

Allowing the news media to intervene in a criminal case for the limited purpose sought here may provide a trial court with the benefit of argument on the question of closure by an advocate of First Amendment and common-law interests. Such an argument would not necessarily be made by the State or the defense and might otherwise go entirely unnoticed. The news media may identify, or at least be the strongest proponent of an argument that there are, in the words of *Fossey*, "reasonable alternative means" to closure that would avoid the prejudicial effect on the defense or prosecution of the dissemination of information contained in the record or revealed during a proceeding. Other benefits to be derived from permitting the news media to intervene include: (1) allowing the court that is most familiar with events that may be unfolding rapidly in the case and in the community in which the case is pending to make a fully informed closure decision in the first instance, (2) less disruption in the processing of the criminal case because an appellate court would not be called upon prematurely to resolve a challenge by the news media while the criminal case is stayed pending the appellate court's decision, (3) an increase in judicial economy, and (4) a more efficient use of judicial resources.

Although the facts before us involve the sealing of records, rather than the closure of a proceeding, we believe Justice Powell's observation in his concurring opinion in *Gannett Co. v. DePasquale*,

443 U.S. 368, 398, 61 L. Ed. 2d 608, 99 S. Ct. 2898 (1979), aptly applies to the question before us:

"The right of access to courtroom proceedings, of course, is not absolute. It is limited both by the constitutional right of defendants to a fair trial [citation omitted] and by the needs of government to obtain just convictions and to preserve the confidentiality of sensitive information and the identity of informants. [Citations omitted.] The task of determining the application of these limitations in each individual trial necessarily falls almost exclusively upon the trial court asked to exclude members of the press and public from the courtroom. For it would be entirely impractical to require criminal proceedings to cease while appellate courts were afforded an opportunity to review a trial court's decision to close proceedings."

Here, it is the trial judge in the first instance who must consider and weigh the arguments advocating access in light of the constitutional right of defendants and the needs of the State. We emphasize that we express no opinion on the merits of Petitioners' argument to vacate the orders to seal. Our opinion is a narrow one. We hold only that the news media, as a member of the public, may intervene in a criminal case for the limited purpose of challenging a pretrial request or order to seal a record or to close a proceeding.

For the reasons set forth above, the petition for writ of mandamus is granted. Petitioners may intervene in the criminal proceedings underlying this action for the limited purpose of challenging Respondent's orders sealing records in those cases.